IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>   PARK CITY SPORTS CENTER, INC.<br>   D/B/A SHENK & TITTLE,<br>                Debtor in Possession<br><br>PARK CITY SPORTS CENTER, INC.,<br>                Movant<br><br>vs.<br><br>FULTON BANK,<br>                Respondent | Chapter 11<br><br>Case No. 1-13-bk- |

### DEBTOR IN POSSESSION'S EMERGENCY, EX-PARTE MOTION
### FOR INTERIM USE OF CASH COLLATERAL AND ADEQUATE PROTECTION

AND NOW, this 30th day of April, 2013, comes the Debtor in Possession, by its counsel, CGA Law Firm, Lawrence V. Young, Esquire, and does file the within Motion seeking entry of an interim Order authorizing the use of cash collateral pending a final hearing on the Motion, granting adequate protection to its pre-petition lender for the use of cash collateral and scheduling a final hearing on the Motion, as follows:

PARTIES

1. Movant is the within Debtor in Possession, Park City Sports Center, Inc. (hereinafter "Debtor") which is filing a voluntary Chapter 11 Petition contemporaneously with this Motion.

2. Respondent is Fulton Bank, One Penn Square, Lancaster, Pennsylvania 17602 (hereinafter "Fulton"). Fulton holds a valid, perfected and first lien security interest in Debtor's cash and cash collateral (inventory, accounts receivable, etc.). Fulton is represented by Barley Snyder, Scott F. Landis, Esquire, 126 East King Street, Lancaster, Pennsylvania 17602.

## JURISDICTION AND VENUE

3. The issues and matters set forth in this Motion constitute a core proceeding under 28 U.S. §157(b)(2).

4. Jurisdiction in the Bankruptcy Court is appropriate pursuant to 28 U.S.C. §1334.

5. Venue is appropriate in the United States Bankruptcy Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §1409.

## RELIEF REQUESTED

6. Debtor seeks the entry of an interim Order granting the following relief, without limitation:

   a. authorizing the Debtor to use cash collateral pursuant to 11 U.S.C. §§361 and 363;

   b. approving adequate protection to Fulton Bank pursuant to 11 U.S.C. §§361 and 363; and

   c. scheduling a final hearing on the within Motion to consider entry of a final Order approving the use of cash collateral.

## PRE-PETITION SECURED OBLIGATIONS

7. Prior to the Petition Date, Debtor borrowed certain sums of money from Fulton pursuant to secured financing arrangements, loan agreements, promissory notes, and security agreements (together, the "Prepetition Loan Documents"). Fulton is secured by, *inter alia*, a security interest in substantially all of the Debtor's cash, accounts receivable and inventory (collectively, the "Collateral"). In the operation of the Debtor's business in the ordinary course, the Debtor buys inventory, manufactures and sells product and collects receivables. The proceeds of the product sold is cash or cash equivalents, which constitute "Cash Collateral" as

defined by 11 U.S.C. §363. Specifically, 11 U.S.C. §363(a) provides, in pertinent part, as follows:

> "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents,. . . whether existing before or after the commencement of a case under this title."

8. Debtor requires the use of such Cash Collateral to operate its business. Specifically, Debtor requires the continued use of its cash or cash equivalents to permit it to pay vendors, meet payroll and benefit obligations to its employees, satisfy deposit and payment obligations to utilities and other providers, maintain in effect its insurance policies, preserve and protect its assets, and to generally and otherwise pay obligations critical to continuing the operation of its business.

## AUTHORITY FOR THE REQUESTED RELIEF

9. 11 U.S.C. §363 prohibits the use of Cash Collateral unless the party with an interest in the Cash Collateral consents or the Court authorizes such use. Specifically, 11 U.S.C. §363(c)(2) provides:

> The Trustee may not use, sell or lease cash collateral . . . unless –
>
> (A) each entity that has an interest in such cash collateral consents; or
>
> (B) the court, after notice and hearing, authorizes such use, sale or lease in accordance with the provisions in this section.

10. 11 U.S.C. §361 provides:

> When adequate protection is required under section 362, 363 or 364 of this title of an interest of an entity in property, such adequate protection may be provided by –
>
> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease or grant results in a decrease in the value of such entity's interest in such property. . .

11. To the extent that the Debtor is using cash in an account in which Fulton has a security interest, Debtor will continually replenish the cash, such that the account balance will not be less than it was at the inception of the within case. Fulton will remain secured in the cash held in Debtor's bank account to the extent that there is cash in the account at the inception of the within case.

12. If Debtor is unable to utilize the Cash Collateral, the Debtor may be forced to shut down its business operations, which will severely impair the value of its estate and assets. The Debtor believes its value as a going concern is significantly greater than the liquidation value of its assets. As a consequence, the Debtor's creditors are likely to receive significantly less if the Debtor ceases operations than they would if Debtor is authorized to use the Cash Collateral and remain in business.

13. Pursuant to F.R.B.P. 6003, the Court may grant the relief requested in the within Motion within twenty days after the date of the filing of the case if such relief is necessary to avoid immediate and irreparable harm.

14. Debtor has an urgent and immediate need for cash to continue to operate. Without the use of the cash collateral, Debtor will have no ability to operate its business on an ongoing basis.

15. To the extent that the obligation of the Debtor is guaranteed by other, related corporate entities that are solvent and profitable, it is asserted that Fulton will be adequately protected in the Debtor's replenishing of cash in the bank accounts in question.

WHEREFORE, the Debtor in Possession respectfully requests that this Honorable Court enter Order granting relief as follows:

a. Authorizing the Debtor in Possession the interim use of cash collateral pending final hearing on the matter;

b. Order that Notice be given establishing a hearing date whereby a final Order may be entered permitting the interim use of cash collateral;

c. Approving the adequate protection to Fulton Bank as proposed in the within Motion; and

d. Any such other relief as this Honorable Court deems appropriate.

Respectfully submitted

CGA Law Firm

/s/Lawrence V. Young, Esquire
Lawrence V. Young, Esquire
Sup. Ct. I.D. No. 21009
135 North George Street
York, PA 17401
(717) 848-4900
Counsel for Debtor in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>  PARK CITY SPORTS CENTER, INC.<br>  D/B/A SHENK & TITTLE,<br>                Debtor in Possession<br><br>PARK CITY SPORTS CENTER, INC.,<br>                Movant<br><br>vs.<br><br>FULTON BANK,<br>                Respondent | Chapter 11<br><br>Case No. 1-13-bk- |

CERTIFICATE OF SERVICE

      I hereby certify that on April 30, 2013, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification of such filing to the following Filing Users:

Office of the U.S. Trustee

      I hereby certify that on April 30, 2013, I forwarded a true and correct copy of the foregoing document to the following parties in the following manner:

Scott J. Landis, Esquire
Barley Snyder, LLC
126 E. King Street
Lancaster, PA 17602

                              /s/Lawrence V. Young, Esquire
                              Lawrence V. Young, Esquire
                              Sup. Ct. I.D. No. 21009
                              135 North George Street
                              York, PA 17401
                              (717) 848-4900
                              Counsel for Debtor in Possession

{00695239/1}